**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| *DANIEL JAMES SILVA,* | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | **Case No. 3:18-cv-00688-MMH-JRK** |
| | : | |
| *TAS RIGHTS MANAGEMENT, LLC,* | : | |
| | : | |
| **Defendant.** | : | |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant respectfully moves this Court for a Protective Order requiring Plaintiff to cease all communications with Defendant and its affiliated companies and agents (which are represented by undersigned counsel) and with female attorneys and other personnel associated with Defendant's counsel.

The reasons are:

1.  Plaintiff has repeatedly emailed and telephoned both Defendant and counsel making improper statements about Defendant, Defendant's affiliated companies and agents, counsel and this Court.

2.  Plaintiff has potentially committed a felony under Florida's extortion statute by threatening both Defendant and counsel with imagined criminal penalties if Defendant does not cede to Plaintiff's extraordinary and patently absurd demands for money.

3.  Plaintiff has sent misogynistic and intimidating emails (and made telephone calls) to Defendant's female counsel stating that she, because she is a woman,

in essence is incapable of practicing law or matching Plaintiff's efforts to achieve his illegal objectives as set forth in Paragraph 2 above.

4.     Plaintiff has sent emails to Defendant's counsel stating that this Court has violated his civil rights – apparently solely because he has been required to meet the basic requirements of all litigants before this Court.

In summary, for this Court to understand the conduct of Plaintiff, and assess the need for the relief requested herein, it need only review Plaintiff's recently-filed "Supplement" in opposition to Defendant's motion for extension (Doc 20), in which Plaintiff openly makes illegal threats and squarely demonstrates his improper motives and failure to observe the most basic requirements incumbent upon all litigants.[1]

**Local Rule 3.01(g) Certification**.   Pursuant to Local Rule 3.01(g), counsel for Defendant has not reached out to Plaintiff to resolve the issues set forth in this Motion.  Any attempt to do so will only be met with more improper communications by Plaintiff, and likely only will provide Plaintiff with the attention he appears to seek through his improper conduct.

## DEFENDANT'S' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991) (internal quotation marks and citations omitted); *Fodor v. E. Shipbuilding Grp.*, No. 5:12-cv-28, 2013 WL 12174647, at

---

[1]     Defendant reserves the right to seek appropriate additional relief, including dismissal of this frivolous action.

2

*1 (N.D. Fla. Dec. 19, 2013).[2] "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Chambers*, 501 U.S. at 43 (citation omitted).

### A.      Plaintiff's Improper Communications

Since filing this lawsuit, Plaintiff (under the name "Daniel Kelter"[3]) has sent the following inappropriate emails to Defendant's counsel:

- June 7, 2018 Email to Doug Baldridge re Obstruction of Justice (Exhibit 1)

- June 30, 2018 Email to Katie Wright (Exhibit 2)

- July 2, 2018 Email to Katie Wright (Exhibit 3)

- July 8, 2018 Email to Katie Wright re Partial Summary Judgment (Exhibit 4)

- July 8, 2018 Email to Katie Wright (untitled) (Exhibit 5)

- July 8, 2018 Email to Doug Baldridge re partial summary judgment (Exhibit 6)

- July 8, 2018 Email to Doug Baldridge (untitled) (Exhibit 7)

- July 11, 2018 Email to Doug Baldridge re partial summary judgment (Exhibit 8)

- July 11, 2018 Email to Katie Wright re partial summary judgment (Exhibit 9)

- July 11, 2018 Email to Doug Baldridge and Katie Wright re before you go crying… (Exhibit 10)

- July 13, 2018 Email to Doug Baldridge and Katie Wright re Last Transmission (Exhibit 11)

---

[2]      *Fodor* is particularly instructive here as it involves similar conduct by a pro se Plaintiff.
[3]      Plaintiff sends emails under the name "Daniel Kelter" (among other names) and identifies himself to the media as "James."  Defendant does not know Plaintiff's actual name and will raise this in its motion to dismiss.

- July 18, 2018 Email to Doug Baldridge and Katie Wright re RICO ACT 1970 (Exhibit 12)

- July 18, 2018 Email to Doug Baldridge and Katie Wright re rico act 1970 (Exhibit 13)

- July 21, 2018 Email to Katie Wright (Exhibit 14)

- July 23, 2018 Email to Doug Baldridge and Katie Wright (Exhibit 15)

- July 28, 2018 Email to Doug Baldridge and Kate Wright re NO MORE PLAY TIME !!! (Exhibit 16)

- July 29, 2018 Email to Doug Baldridge and Katie Wright forwarding Plaintiff's email to numerous media outlets (Exhibit 17)

Plaintiff has also left numerous inappropriate voice messages on Defendant's and its counsel's work telephone numbers, and has attempted to communicate with Defendant's counsel Ms. Wright through her personal cell phone.  Plaintiff has also made numerous direct attempts to communicate with the Defendant and its related corporate entities and agents (all of which are represented by the undersigned counsel). These communications have come by way of letter, email, telephone, and voicemail. These communications come at all times of the day and night.  The communications have been relentless at times, and ongoing for a substantial period of time.

The nature of Plaintiff's communications are summarized as follows:   making misogynistic statements about Ms. Wright and women in general; using profanity and threatening Defendant's counsel; claiming this Court has violated Plaintiff's civil rights; threatening to subject Defendant's counsel to a "citizen's arrest"; and seeking to extort an

illegal settlement from Defendant by making patently absurd allegations that Defendant (and its affiliated companies and individuals) and its counsel have engaged in fraud, perjury and obstruction of justice.

**B.      Plaintiff's Potential Violation of the Florida Extortion Statute**

Under Florida law, it is a second degree felony to extort money or coerce another to act against its will by threatening to accuse the person of an offense. *See* Fla. Stat. § 836.05. Threats; extortion ("Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his or her will, shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."). Yet, that is precisely what Plaintiff has done in a number of communications with Defendant's counsel. Plaintiff has threatened to expose Defendant and counsel to imagined criminal prosecution for perjury, fraud and obstruction of justice if Defendant does not pay him millions of dollars to settle this frivolous lawsuit. This is an open and blatant violation of Florida law.

**C.      Specific Relief Requested**

For the foregoing reasons, Defendant respectfully requests the Court to enter a protective order requiring Plaintiff:

1. To cease all communications or attempts to communicate with Defendant, its affiliated companies and agents and related individuals, other than through Defendant's counsel as set forth below;:

2. To cease his illegal threats and improper statements to Defendant, its affiliated companies, agents and related individuals, Defendant's counsel and this Court and comply with the basic rules and requirements of decorum and good faith required of all litigants. [4]

3. To the extent any communications with Defendant are necessary, require Plaintiff to only communicate with J. Douglas Baldridge, and only in writing (including email) unless otherwise ordered by the Court.

WHEREFORE, Defendant respectfully requests that this Motion be granted.

July 31, 2018                                      Respectfully Submitted,

                                                  /s/ *J. Douglas Baldridge*
                                                  J. Douglas Baldridge
                                                  Florida Bar Number: 0708070
                                                  Venable LLP
                                                  600 Massachusetts Ave., NW
                                                  Washington, D.C. 20001
                                                  Telephone: (202) 344-4000
                                                  FAX: (202) 344-8300
                                                  E-mail: jdbaldridge@venable.com

                                                  *Attorney for Defendant*
                                                  *TAS Rights Management, LLC*

---

[4] Defendant acknowledges, and in fact endorses, all citizens' rights to free speech but, due to the threatening and inappropriate nature of Plaintiff's conduct and the requirement that communications by a represented party be with counsel, asks this Court to require any future statements of Plaintiff related to this action to be made in writing and to the extent appropriate through formal Court filings.

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned counsel hereby certifies that on July 31, 2018 a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system.  A true and correct copy of the foregoing was also sent by first-class mail to Daniel James Silva, 1760 Glen Laurel Drive, Middleburg, FL 32068.


<u>/s/ *J. Douglas Baldridge*</u>
J. Douglas Baldridge