**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DANIEL JAMES SILVA,

      Plaintiff,

vs.
                              Case No. 3:18-cv-688-J-34JRK

TAS RIGHTS MANAGEMENT, LLC,

      Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion for Enlargement of Time to Respond to Motion for Partial Summary Judgment (Doc. 18; Motion), filed on July 20, 2018. In the Motion, Defendant requests an extension of time to respond to Plaintiff's Motion for Partial Summary Judgement [sic] (Doc. 16; Summary Judgment Motion) or, in the alternative, asks the Court to hold the Summary Judgment Motion in abeyance until "after the Court has ruled on Defendant's forthcoming motion to dismiss the Amended Complaint." See Motion at 3. Defendant contends that an extension of time or abeyance is appropriate as "this case is still at its beginning stages; Defendant has not yet responded to [Plaintiff's] Amended Complaint and no discovery has been served." Id. Plaintiff opposes the requested relief. See Supplement (Doc. 20), filed July 26, 2018.

      Plaintiff initiated this action on May 25, 2018, and filed the operative complaint on June 4, 2018. See Complaint (Doc. 1); Complaint 2nd Amendment (Doc. 6; Amended Complaint). According to Plaintiff's Proof of Service (Doc. 12), Plaintiff effected service of process on Defendant on June 18, 2018. Thereafter, Defendant sought an extension of

time to respond to the Amended Complaint, which the Court granted on July 9, 2018. See Order (Doc. 15). On July 10, 2018, less than a month after serving Defendant and less than two months after initiating this lawsuit, Plaintiff filed the Summary Judgment Motion. As is evident from the brief procedural history of this case, Plaintiff's Summary Judgment Motion precedes not only Defendant's response to the Amended Complaint, but also the exchange of any discovery between the parties. Indeed, as it appears that the parties have not yet participated in a case management conference, the parties are not yet authorized to have begun discovery under the Local Rules of this Court. See Local Rule 3.05(c)(2)(B), United States District Court, Middle District of Florida (Local Rule(s)). As such, Plaintiff's Summary Judgment Motion is entirely premature.

"The law in [the Eleventh] [C]ircuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus, Ga., 120 F.3d 248, 253 (11th Cir. 1997); Snook v. Trust Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 870-71 (11th Cir. 1988) (instructing that "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery" and recognizing that opposing parties have a "right to utilize the discovery process to discover the facts necessary to justify their opposition to" a summary judgment motion); Kelsey v. Withers, 718 F. App'x 817, 820-21 (11th Cir. 2017) (affirming district court's decision to strike a premature summary judgment motion and explaining that "'[d]istrict courts have unquestionable authority to control their own dockets,' including 'broad discretion in deciding how best to manage the cases before them'" (internal quotation omitted)); Bradley v. Branch Banking & Trust Co., No. 3:15-cv-00012-TCB-RGV, 2015 WL 11422296, at *8 (N.D. Ga. July 30,

2015) (collecting cases) adopted by 2015 WL 11455759, at *2 (N.D. Ga. Aug. 24, 2015). Consistent with this authority, the Court finds good cause for Defendant's request that it not be required to respond to the Summary Judgment Motion at this time. However, in light of the procedural posture of this case, rather than grant the request for an abeyance, the Court determines the more appropriate course of action is to deny Plaintiff's Summary Judgment Motion without prejudice to Plaintiff filing a renewed motion for summary judgment at the appropriate time, after an adequate period for discovery. See, e.g., Williams v. Drew, No. 5:11-cv-636-Oc-99TBS, 2013 WL 1181446, at *3 (M.D. Fla. Mar. 14, 2013) (denying summary judgment motion as premature where the court had not yet entered a case management and scheduling order and the parties had not exchanged any discovery); DeJesus v. Emerald Coast Connections of St. Petersburg, Inc., No. 8:10-cv-462-T-30TBM, 2010 WL 1839119, at *1 (M.D. Fla. May 4, 2010) (denying summary judgment motion as premature where parties had not yet engaged in discovery); Blumel v. Mylander, 919 F. Supp. 423, 428-29 (M.D. Fla. Mar. 12, 1996) (denying summary judgment motion as premature where motion was served on first day of discovery period and admonishing counsel that filing a premature motion not only disregards the opposing parties' discovery rights but also wastes judicial resources). The Court further finds that denial of the Summary Judgment Motion rather than abeyance is warranted because any summary judgment motions filed in this case must take into consideration and be supported by the evidence disclosed during the discovery period. As the current Summary Judgment Motion cannot account for discovery not yet undertaken, it is due to be denied without prejudice. In light of the foregoing, it is

**ORDERED**:

1. Plaintiff's Motion for Partial Summary Judgement [sic] (Doc. 16) is **DENIED without prejudice** to Plaintiff filing a renewed motion for summary judgment at the appropriate time, <u>after</u> an adequate period for discovery.

2. Defendant's Motion for Enlargement of Time to Respond to Motion for Partial Summary Judgment (Doc. 18) is **DENIED, as moot**.

   **DONE AND ORDERED** in Jacksonville, Florida, this 2nd day of August, 2018.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties