**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DANIEL JAMES SILVA,

        Plaintiff,

vs.                                  Case No. 3:18-cv-688-J-34JRK

TAS RIGHTS MANAGEMENT, LCC,

        Defendant.
_____/

## O R D E R

This cause is before the Court on Defendant's Motion for Protective Order (Doc. No. 22), filed July 31, 2018. On August 3, 2018, Plaintiff filed a Response to Motion for Protective Order (Doc. No. 27). Defendant filed a Reply in Further Support of Defendant's Motion for Protective Order (Doc. No. 29) on August 6, 2018. On August 16, 2018, the Court held a hearing on the Motion. See Clerk's Minutes (Doc. No. 33). Prior to the hearing, Plaintiff filed a document titled "Supplement" (Doc. No. 32).[1] Plaintiff appeared personally, and Defendant's counsel appeared telephonically. In addition to hearing argument on the Motion, the Court considered other matters, including whether Local Rule 3.01(g), United States District Court, Middle District of Florida should be enforced in this case and whether certain matters should be filed under seal. The record of the hearing is incorporated in this Order. Upon due consideration and for the reasons stated on the record, it is

---

[1] In the Supplement, Plaintiff asked that the case be "thrown out without prejudice." Supplement at 5. At the hearing, Plaintiff clarified that he wished to dismiss the case without prejudice. The Court advised Plaintiff that whether the dismissal would be without prejudice would have to be decided at a later time because Plaintiff voluntarily dismissed another case that arguably could render a voluntary dismissal here an "adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B); see Silva v. Swift, No. 3:17-cv-292-J-20MCR (M.D. Fla. July 13, 2017). Plaintiff then stated he no longer wished to dismiss the case.

**ORDERED**:

1. Defendant's Motion for Protective Order (Doc. No. 22) is **GRANTED**.

   A. Plaintiff shall not communicate with Defendant, its affiliated companies, agents, or related individuals, other than as set forth below.

   B. To the extent communications with Defendant are necessary, Plaintiff shall communicate <u>only</u> with James Douglas Baldridge, Defendant's counsel.

   C. All communications with Mr. Baldridge shall be in writing.

   D. Plaintiff's communications with Mr. Baldridge shall not contain any inappropriate statements, threats of any kind, or insults. Plaintiff shall conduct himself with civility, respect, and proper behavior.

2. The parties are relieved of their duty under Local Rule 3.01(g) to confer with each other prior to filing a non-dispositive motion.[2]

3. Plaintiff is warned that a violation of this Order may lead to sanctions such as his pleadings being stricken, an imposition of monetary penalties, or this action being dismissed with prejudice.

---

[2] Local Rule 3.01(g) states in relevant part:

> Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion.

Local Rule 3.01(g), United States District Court, Middle District of Florida.

      4.      The Clerk of Court is directed to **SEAL** pages 6 through 9 of Exhibit 16 (Doc. No. 22-16) and **REFILE** the document in redacted form.

      **DONE AND ORDERED** at Jacksonville, Florida on August 22, 2018.

*[Signature]*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Pro Se Party
Counsel of Record