**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DANIEL JAMES SILVA

        Plaintiff,

v.                                       **Case No. 3:18-cv-00688-MMH-JRK**

TAS RIGHTS MANAGEMENT, LLC

        Defendant.

## DEFENDANT'S MOTION FOR CONTEMPT, SANCTIONS, AND DISMISSAL WITH PREJUDICE

Pursuant to Federal Rule of Civil Procedure 41(b) and this Court's inherent authority, Defendant, TAS Rights Management, LLC ("Defendant" or "TAS") respectfully moves this Court for Contempt, Sanctions, and Dismissal of this action with prejudice, based upon Plaintiff Daniel Silva's ("Plaintiff" or "Silva") knowing and admitted multiple violations of, and blatant disregard for, this Court's Orders. In summary, the bases for this Motion are as follows:

1. In the last week, Silva has sent eleven bizarre and threatening emails, and driven hundreds of miles from Florida to Tennessee where he launched a variety of items, including a cell phone, a photograph, and a stuffed animal, under and over the gated entrance at the residence of Ms. Swift's mother, in an effort to reach Ms. Swift.

2. These actions are all clear violations of this Court's October 4, 2018 Stay Order, in which the Court ordered Plaintiff to have "**NO** contact with Defendant, its counsel, or Taylor Swift" (Dkt. 46 at 2).

3. Plaintiff has also repeatedly violated this Court's Protective Order by making vulgar and inappropriate communications. (*See* Dkt. 34).

4. Silva has created a new email address under the name "alison swift," coopting Ms. Swift's name (her middle name is Alison), and is using that email address to send emails in violation of this Court's orders.

5. Silva has acknowledged in his emails that his actions are in clear violation of the Court's orders.

And finally, although Silva's violations of this Court's orders clearly require dismissal of this action, the substance of Silva's claims is so defective that dismissal on the merits is appropriate as well. (*See* Dkts. 39, 40). Dismissal with prejudice of this action is warranted.

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONTEMPT, SANCTIONS AND DISMISSAL WITH PREJUDICE

Courts have inherent authority to sanction litigants who abuse the judicial process and act in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-51 (1991); *see Nurse v. Sheraton Atlanta Hotel*, 618 Fed. App'x 987, 989 (11th Cir. 2015) (district courts "possess[ ] the inherent power to police [their] dockets," including the authority to "impose formal sanctions upon dilatory litigants" (citation and internal quotation marks omitted)). The sanctions available to a district court "range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam); *see also Chambers*, 501 U.S. at 44-45 ("[O]utright dismissal of a lawsuit . . . is within the court's discretion." (citation omitted)). Dismissal with prejudice may be properly imposed when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would

not suffice." *Nurse*, 618 Fed. App'x at 989-90 (quoting *Betty K Agencies Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005)).

In addition to the Court's inherent authority, dismissal of an action for failure to comply with a court order is specifically permitted under Federal Rule of Civil Procedure 41(b). *Moon v. Newsome*, 863 F.2d 835, 837, 838-89 (11th Cir. 1989) (citing cases). In *Moon*, the Eleventh Circuit affirmed the district court's dismissal of a pro se litigant's suit after he disregarded a court order. *Id.* at 838-89. The court found that plaintiff had "been forewarned" of the consequences of violating the court order and that rather than attempt to comply, he "had been repeatedly and stubbornly defiant." *Id.* at 837-39. Therefore, the district court acted well within its discretion to dismiss the case. *Id.* at 839; *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.")

## I. SILVA HAS REPEATEDLY VIOLATED THIS COURT'S ORDERS

### A. Violations of the Stay Order

Plaintiff has engaged in numerous violations of this Court's Stay Order. (*See* Dkt. 46). Those violations include Plaintiff repeatedly emailing Defendant's counsel, sending emails directed to Ms. Swift, and traveling to Ms. Swift's mother's residence where he deposited numerous items, including a cell phone and letter meant for Ms. Swift, on the property. The emails sent after the Court's Stay Order include:

1. October 25, 2018 email from Daniel Kelter to Douglas Baldridge, stating that if his case is dismissed he will appeal to the Eleventh Circuit (Exhibit 1);

2. October 25, 2018 email from Daniel Kelter to Douglas Baldridge re "if Alison apposes," regarding Plaintiff's "plan" to come to Tennessee (Exhibit 2);

3. October 25, 2018 email from "alison swift"[1] to Douglas Baldridge re "typos," providing a private phone number to contact Plaintiff (Exhibit 3);

4. October 26, 2018 email from "alison swift" to Douglas Baldridge re "i dont think alison has the courgage," demanding Ms. Swift meet Plaintiff "at the gate . . . on Sunday" (Exhibit 4);

5. October 28, 2018 email from "alison swift" to Douglas Baldridge re "eta," notifying defense counsel of Plaintiff's estimated arrival time "at the gate" (Exhibit 5);

6. October 28, 2018 email from "alison swift" to Douglas Baldridge re "in tenn," explaining that Plaintiff was "in town" and would be at "that door step" (Exhibit 6);

7. October 29, 2018 email from "alison swift" to Douglas Baldridge re "somon and Garfunkel," stating that Plaintiff had "drop[ped] the package off" (Exhibit 7);

8. October 29, 2018 email from "alison swift" to Douglas Baldridge, describing Plaintiff checking to see if his "first package was picked up" (Exhibit 8);

9. October 29, 2018 email from "alison swift" to Douglas Baldridge, detailing Plaintiff's trip and items he deposited at the "gate" (Exhibit 9);

---

[1] On October 25, 2018, Plaintiff began sending emails to defense counsel from "alison swift" with an email address of "alisonswift1989@yahoo.com." The content and context of the emails confirm that they are, in fact, sent by the Plaintiff. As of October 26, 2018, all subsequent emails from Plaintiff to defense counsel have come from this "alison swift" email address.

    10. October 29, 2018 email from "alison swift" to Douglas Baldridge, re "1 last thing," explaining the reason for Plaintiff's trip from Orlando (Exhibit 10).

    11. October 30, 2018 email from "alison swift" to Douglas Baldridge re "forward to alison," directing the email be sent to Ms. Swift (Exhibit 11).[2]

Additionally, on October 29, 2018, Plaintiff did, in fact, visit the residence of Ms. Swift's mother, in further violation of the Stay Order. Pictures of some of the items Plaintiff delivered are included at Exhibit 12.

### B. Violations of the Protective Order

Moreover, prior to the Court's Stay Order, Plaintiff had repeatedly violated the Protective Order (*see* Dkt. 34) by sending profane and vulgar emails to counsel, and making inappropriate and utterly meritless allegations of various criminal activity against Defendant, defense counsel, and this Court. Those communications include:

    1.    September 7, 2018 Plaintiff email to Douglas Baldridge re "motion to stay," including profanity and inappropriate online viewings (Exhibit 13);

    2.    September 13, 2018 Plaintiff email to Douglas Baldridge re "I HAVE SOMETHING TO CONFESS," including foul language and threatening the Court (Exhibit 14);

    3.    September 16, 2018 Plaintiff email to Douglas Baldridge re "11th circuit," making improper statements about the Court (Exhibit 15);

---

[2]     The October 30, 2018 email also violates the Protective Order as it contains profanity.

4. September 24, 2018 Plaintiff email to Douglas Baldridge re "do the right thing," threatening Ms. Swift (Exhibit 16).

In addition to the email communications, Silva also violated the Protective Order in at least two public filings. (*See* Sept. 10, 2018 Plaintiff's Response to Motion to Dismiss at 5, 10, 15-18 (Dkt. 40) (accusing counsel of depriving Plaintiff of his civil rights; making unfounded accusations against counsel and a non-party of fraud and criminal offenses; and threating the Court); Sept. 10, 2018 Plaintiff's Motion to Stay at 2-4, 6-7, 9 (Dkt. 41) (making unfounded accusations against Defendant, a non-party, and counsel of criminal offenses; insulting the Court and counsel; and using profanity).

## II. SILVA'S VIOLATIONS WARRANT DISMISSAL WITH PREJUDICE

### A. Silva was Explicitly Warned about the Consequences of Violating the Court's Orders

Silva has <u>twice</u> been specifically and clearly "forewarned" that his failure to comply with this Court's Orders could result in dismissal of his case. First, in granting Defendant's Motion for Protective Order, in which Defendant was prohibited from contacting anyone affiliated with Defendant other than Mr. Baldridge and required Plaintiff to act with "civility, respect, and proper behavior," the Court stated: "Plaintiff is warned that a violation of this Order may lead to sanctions such as his pleadings being stricken, an imposition of monetary penalties, <u>or this action being dismissed with prejudice</u>." (Dkt. 34 at 2 (emphasis added)). Second, in granting Plaintiff's Motion to Stay, this Court stated: "During the pendency of the stay, Plaintiff shall not file any additional pleadings, motions or 'supplements' in this matter and shall have **NO** contact with Defendant, its counsel, or Taylor Swift. **VIOLATION OF THIS ORDER MAY RESULT IN THE DISMISSAL OF THIS ACTION**." (Dkt. 46 at 2

6

(emphasis in original)).  Despite these explicit forewarnings, as detailed above, Plaintiff has failed to head the Court's mandates and has repeatedly violated the Court's Orders.

### B. Silva is Willfully Violating the Court's Orders

Not only are Plaintiff's violations numerous, they are also willful and knowing.  In many of Silva's emails sent after the Stay Order, Plaintiff openly recognized that his communications and actions could result in dismissal of his lawsuit.  *See, e.g.*, Exhibit 2 ("im about to put 100 millon dollor lawsuit at risk"); Exhibit 4 ("im putting my lawsuit on the line to prove a point"); Exhibit 7 ("I . . . am putting my 100 million dollar lawsuit at risk for now the 2nd time"); Exhibit 9 ("I really wished the lawsuit could have ended today . . . u can report my contact to the court if u want . . . even though its a nice gestor that I broke the order"); Exhibit 11 ("I . . . put my 136 million dollar lawsuit at risk twice").  Despite his understanding that the Court's Orders prohibited his conduct, Plaintiff was undeterred and proceeded to violate this Court's Stay Order (and Protective Order) on numerous occasions.

### C. No Remedy Other Than Dismissal Will Suffice

It is clear that Plaintiff is unwilling to abide by any Court Order involving his conduct.  Plaintiff has refused to heed this Court's forewarnings and, over and over again, has knowingly violated the Court's Orders.  At this point, any sanction other than dismissal, will, similarly, be disregarded and ignored by Plaintiff.  Dismissal with prejudice is the only remedy that will suffice under these circumstances.  *See, e.g.*, *Moon*, 863 F.2d at 837-39.[3]

---

[3] As noted above, the Court should also dismiss this case with prejudice on the merits for the reasons explained in Defendant's Motion to Dismiss, which is fully briefed.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests the Court grant its Motion and dismiss Plaintiff Daniel Silva's case with prejudice.

November 2, 2018

          Respectfully Submitted,

          /s/ *J. Douglas Baldridge*
          J. Douglas Baldridge
          Florida Bar Number: 0708070
          Venable LLP
          600 Massachusetts Ave., NW
          Washington, D.C. 20001
          Telephone: (202) 344-4000
          FAX: (202) 344-8300
          E-mail: jdbaldridge@venable.com

          *Attorney for Defendant*
          *TAS Rights Management, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on November 2, 2018 a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system. A true and correct copy of the foregoing was also sent by first-class mail to Daniel James Silva, 1760 Glen Laurel Drive, Middleburg, FL 32068.

/s/ *J. Douglas Baldridge*
J. Douglas Baldridge